Filed 10/27/20  P. v. Hidalgo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE RENEE HIDALGO,<br><br>    Defendant and Appellant. | H047590<br>(Monterey County<br>Super. Ct. No. SS131471A) |

## I.    INTRODUCTION

In 2013, defendant Jose Renee Hidalgo pleaded guilty to possession of a controlled substance in prison (Pen. Code, § 4573.6)[1] and admitted a prior strike allegation (§ 1170.12, subd. (c)(2)).  Pursuant to the terms of the negotiated disposition, the trial court sentenced defendant to six years.  The court also imposed a restitution fine (§ 1202.4, subd. (b)).  Defendant did not appeal from the judgment.

In 2019, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant moved the trial court in pro per to reduce the restitution fine from $1,680 to the current statutory minimum of $300 based on his inability to pay.[2]  The trial court summarily

---

[1]  All further statutory references are to the Penal Code.

[2]  At the time of defendant's offense, the statutory minimum for the restitution fine was $280.  (Former § 1202.4, subd. (b)(1), added by Stats. 2012, ch. 873, § 1.5.)

denied the motion by written order "based on the defendant's failure to object to the imposition of the fine and his failure to demonstrate the fines are 'unpayable' pursuant to . . . *Dueñas*." (Italics added.)

Defendant now appeals from the trial court's order denying his motion to reduce the restitution fine.

As we will explain, we conclude that the trial court did not have jurisdiction to hear defendant's postjudgment *Dueñas* motion. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084, 1088 (*Torres*).) Accordingly, the trial court's order denying the motion is nonappealable and the case must be dismissed. (See *ibid.*)

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Factual Background*

The factual basis for defendant's plea was counsel's statement that "on January 8 of 2013, [defendant], while an inmate at Correctional Training Facility in the county of Monterey, was in possession of heroin, which is a useable amount."

### B.    *Charges, Plea, and Sentence*

On July 26, 2013, defendant was charged by complaint with possession of a controlled substance in prison (§ 4573.6). The complaint also alleged that defendant had been convicted of five prior strikes (§ 1170.12, subd. (c)(2)).

On September 11, 2013, pursuant to a negotiated disposition, defendant pleaded guilty to the charge and admitted one of the strike allegations. The trial court sentenced defendant to six years consecutive to any terms defendant was currently serving. The trial court also imposed a restitution fine (§ 1202.4, subd. (b)). The reporter's transcript states that the court imposed a $280 restitution fine; the sentencing minutes and the abstract of judgment state that the court imposed a $1,680 restitution fine.

### C.    *Motion to Reduce the Restitution Fine and the Trial Court's Ruling*

On July 1, 2019, defendant filed a motion seeking a reduction of the restitution fine to the statutory minimum based on *Dueñas*. Defendant contended that the trial court's

imposition of the fine without a determination of his ability to pay violated his due process rights. Defendant requested the court "to correct the unauthorized portion of [his] sentence."

On October 3, 2019, the trial court denied defendant's motion by written order. The court ruled: "The request is denied based on the defendant's failure to object to the imposition of fines and his failure to demonstrate the fines are 'unpayable' pursuant to . . . *Duenas*." (Italics added.)

### III. DISCUSSION

Defendant contends the trial court erred when it denied his motion to reduce the restitution fine because defendant failed to object to the fine at sentencing and failed to demonstrate the fine was " 'unpayable.' " Defendant argues that he did not forfeit his claim because an objection at sentencing would have been futile based on the state of the law and it was not his burden to demonstrate inability to pay. Defendant further contends that the court improperly denied the motion without holding a hearing and appointing counsel and that the imposition of the restitution fine at sentencing without an ability to pay determination violated his due process rights.

The Attorney General asserts that the appeal should be dismissed because this court lacks jurisdiction and because defendant lacks a probable cause certificate. The Attorney General alternatively contends that defendant's *Dueñas* claim was forfeited when he did not object to the restitution fine at sentencing and that the imposition of the fine was constitutional.

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.]" (*Torres*, *supra*, 44 Cal.App.5th at p. 1084; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207-1208 (*Turrin*) [applying the general rule to a request to modify a restitution fine].) However, "[t]here are exceptions to the general rule." (*Torres*, *supra*, at p. 1085.) For example, "[a] court may recall a sentence and resentence a defendant under certain

3

circumstances within 120 days of the defendant's custody commitment. (§ 1170, subd. (d)(1).) Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95. . . . Unauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time. [Citations.]" (*Torres*, *supra*, at p. 1085.)

Defendant does not dispute that the execution of his sentence had begun before he filed his *Dueñas* motion to reduce the restitution fine. Thus, absent an exception to the general rule that a trial court lacks jurisdiction to modify a sentence after execution of the sentence has begun, the trial court lacked jurisdiction to entertain defendant's motion. (See *Torres*, *supra*, 44 Cal.App.5th at p. 1088.)

Defendant contends that the discrepancy between the reporter's transcript, which states that the trial court imposed a $280 restitution fine, and the sentencing minutes and the abstract of judgment, which state that the court imposed a $1,680 restitution fine, constituted "[an] error in the recordation of the trial court's oral pronouncement of judgment [that] could have been corrected by the trial court notwithstanding the execution of judgment." Defendant argues that the trial court's ability to correct the error provided the court with "a basis for jurisdiction and, thus, there is an appealable order."

It is true that "[a] trial court may correct a clerical error . . . at any time." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1205.) However, defendant did not seek the correction of a clerical error in his motion. Rather, defendant requested the reduction of his restitution fine to the statutory minimum and claimed that the trial court's imposition of the restitution fine without determining defendant's ability to pay violated his due process rights. That there may or may not have been a clerical error in the sentencing minutes and the abstract of judgment did not give the trial court jurisdiction to hear defendant's motion to reduce the restitution fine pursuant to *Dueñas* after the execution of defendant's sentence had already

4

begun.[3] (Cf. *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [observing that "appellate courts . . . *that have properly assumed jurisdiction of cases* have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts" (italics added)].)

Defendant also raises the fact that unauthorized sentences correctable without reference to factual findings are correctable at any time and asserts that his motion to reduce the restitution fine "was not based upon factual arguments concerning his ability to pay" as he "contended that the imposition of the restitution fine without a hearing on his ability to pay violated due process." Defendant's argument overlooks that defendant moved the trial court to reduce his restitution fine to the statutory minimum, something the trial court could only do based on a factual finding of defendant's inability to pay. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 [inability-to-pay issue requires factual determination]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting the defendant's contention that a $10,000 restitution fine was an unauthorized sentence without an ability-to-pay determination, determining that the claim was forfeited].)

For these reasons, we conclude that the trial court lacked jurisdiction to hear defendant's *Dueñas* motion to reduce the restitution fine. Given the absence of jurisdiction, the trial court's order denying the motion is not appealable and we must dismiss defendant's appeal. (*Torres*, *supra*, 44 Cal.App.5th at p. 1088.)

## IV.    DISPOSITION

The appeal is dismissed.

---

[3] In the trial court, defendant requested reduction of the $1,680 restitution fine to the current statutory minimum of $300. (§ 1202.4, subd. (b).) Defendant did not move the court to correct the sentencing minutes and the abstract of judgment to reflect the court's oral pronouncement of a $280 restitution fine at sentencing. However, as stated, "[a] trial court may correct a clerical error . . . at any time." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1205.)

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____

ELIA, ACTING P.J.


_____

DANNER, J.


*People v. Hidalgo*
**H047590**